IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JENNIFER AUTRY on behalf of herself and all others similarly situated,

    Plaintiffs,

vs.

IC SYSTEM INC. and, JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

    Defendants.

Case No.: 1:18-cv-586

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA

1. Plaintiff, JENNIFER AUTRY on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendant, IC SYSTEM, INC., ("ICS") and JOHN AND JANE DOES NUMBERS 1 THROUGH 10 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiffs and other similarly situated consumers.

2. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely imply the consumers' alleged defaulted and charged-off debts are subject to increase.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. Similarly, the Wisconsin Consumer Act – Debt Collection, at Wis. Stat. § 427.101 *et seq.*, prohibits certain conduct by debt collectors in collecting consumer debt. Among these *per se* violations are: claiming, attempting, or threatening to enforce a right with knowledge or reason to know that the right does not exist, Wis. Stat. § 427.104(j); and threatening action against a consumer unless the action is taken in regular course or is intended with respect to the

particular debt, Wis. Stat. § 427.104(L).

8. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. JENNIFER AUTREY is a natural person.

10. At all times relevant to this lawsuit, AUTREY is a citizen of, and resides in, Appleton, Calumet County, Wisconsin.

11. At all times relevant to this complaint, ICS is a corporation existing pursuant to the laws of the State of Minnesota.

12. ICS maintains its principal business address at, 444 Hwy 96 E, Vadnais Heights, Minnesota 55127.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of ICS that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ICS and, therefore, are personally liable for all of the wrongdoing alleged in

this Complaint.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

16. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

18. AUTREY allegedly incurred a financial obligation to AT&T and/or Direct TV for a personal television and/or internet services ("Debt.")

19. The Debt arose out of a transaction or series of transactions in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20. ICS contends the Debt is in default and the amount due had been charged-off in full by the creditor.

21. Creditors charge-off defaulted debts on accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer,* 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.") These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal

-4-

Case 1:18-cv-00586-WCG   Filed 04/13/18   Page 4 of 12   Document 1

Revenue Code.

22. Sometime prior to August 11, 2017 the creditor of the Debt either directly or through intermediate transactions, assigned, placed, or transferred, the debt to ICS for collection.

23. ICS collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

24. On or about August 11, 2017, ICS mailed a collection letter to Plaintiff concerning the Debt. ("8/11/2017 Letter"). A true and correct copy of the 8/11/2017 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

25. The Debt was in default and charged-off by the original creditor at the time the 8/11/2017 Letter was sent.

26. Page One of the 8/11/2017 Letter states "Principal Due: $54.03."

27. Plaintiff is informed and believes, and on that basis alleges, that the Debt is static and cannot change.

28. Neither ICS nor the creditor of the Debt may legally or contractually impose interest, charges, or other fees on Plaintiff's Debt.

29. The creditor of the Debt does not, did not, and never will, add interest, charges, or other fees to the debt ICS sought to collect.

30. ICS does not, did not, and never will, add interest, charges, or other fees to Plaintiff's Debt.

31. Neither ICS nor the creditor of Plaintiff's Debt may legally or contractually impose interest, charges, or other fees on the Debt.

32. The creditor of the Debt does not, did not, and never will, add interest, charges, or other fees to the debt ICS sought to collect from Plaintiff.

33. ICS does not, did not, and never will, add interest, charges, or other fees to the Debt.

34. Page One of the 8/11/2017 Letter also states, "The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name."

35. As of March 7, 2018, the Debt does not appear on AUTREY's credit report.

36. The stated amount on ***Exhibit A*** is materially false, deceptive, and misleading in that, *inter alia*, it implies the consumer may owe an additional undisclosed sum of money after August 11, 2017.

37. The stated threat in ***Exhibit A*** is materially false, deceptive, and misleading in that, *inter alia*, it threatens the consumer with a negative credit reporting when this action was not intended.

38. The 8/11/2017 Letter deprived Plaintiff of truthful, non-misleading, information in connection with ICS's attempt to collect a debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) and Wis. Stat. §§ 427.104(j) and (L). by sending consumers letters, such as ***Exhibit A***, which sought to collect a defaulted debt whose balance had been charged-off, stated or implied that interest or other charges may applied, and threatened credit reporting.

40. On information and belief Defendants' collection letters, in the form attached as ***Exhibit A***, were mailed to at least 50 natural persons in the State of Wisconsin.

## VI. CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

42. This claim is brought on behalf of a Class of all persons to whom ICS mailed a written communication in the form of *Exhibit A*, using an address in the State of Wisconsin, during the period of **March 26, 2017 through April 16, 2018**, which sought to collect a defaulted debt whose balance had been charged-off, stated or implied that interest or other charges may applied, and threatened credit reporting.

43. The identities of all class members are readily ascertainable from the records of ICS and those entities on whose behalf it attempts to collect debts.

44. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from ICS substantially in the same form as *Exhibit A*.

45. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) and Wis. Stat. §§ 427.104(j) and (L).

46. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

47. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

48. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

7

Case 1:18-cv-00586-WCG    Filed 04/13/18    Page 7 of 12    Document 1

well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) and Wis. Stat. §§ 427.104(j) and (L)..

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Based on discovery and further investigation (including, but not limited to, ICS's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 8/11/2017 Letter mailed to Plaintiff.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

52. ICS violated the FDCPA. ICS's violations with respect to its written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

   (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   (c) Threatening to take any action that cannot legally be taken or that is not

intended to be taken in violation of 15 U.S.C. § 1692e(5); and

(d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## VII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE WISCONSIN CONSUMER ACT – DEBT COLLECTION

53. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

54. ICS violated the Wisconsin Consumer Act – Debt Collection. ICS's violations with respect to its written communications in the form attached as Exhibit A include, but are not limited to, the following:

(a) Claiming, or attempting, or threatening to enforce a right with knowledge of reason to know the right does not exist in violation of Wis. Stat. § 427.104(j); and

(b) Threatening action against the consumer unless like action is taken in the regular course of is intended with respect to the particular debt in violation of Wis. Stat. § 427.104(L).

## VIII. PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

55. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. §

1692k(a)(2)(B);

(iii) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

56. **For the SECOND CAUSE OF ACTION:**

(i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representatives, and the undersigned counsel to represent the Class.

(ii) An award of statutory damages for Plaintiff and the Class pursuant to Wis. Stat. § 425.304(1);

(iii) An incentive award to Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to Wis. Stat. § 425.308; and

(i) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

                          Respectfully Submitted,

                          *s/William M. Clanton*
                          William M. Clanton
                          Texas Bar No. 24049436
                          Law Office of Bill Clanton, P.C.
                          926 Chulie Dr.
                          San Antonio, TX 78216
                          Telephone: (210) 226-0800

Facsimile: (210) 338-8660
E-Mail: bill@clantonlawoffice.com

Andrew T. Thomasson (NJ Bar # 048362011)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: andrew@sternthomasson.com
*Attorneys for Plaintiff, Jennifer Autrey, and all others similarly situated*